## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| JOHN DOEs 1-42,[1] | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES CITIZENSHIP & | ) | |
| IMMIGRATION SERVICES | ) | |
| Office of the General Counsel | ) | |
| U.S. Department of Homeland Security | ) | |
| Mail Stop 3650 | ) | |
| Washington, DC 20528, | ) | |
| | ) | |
| JOHNSON, Jeh, Secretary, U.S. Dept. of | ) | |
| Homeland Security | ) | |
| Office of the General Counsel | ) | **CASE No.: [number]** |
| U.S. Department of Homeland Security | ) | |
| Mail Stop 3650 | ) | |
| Washington, DC 20528, | ) | **COMPLAINT FOR** |
| | ) | **DECLARATORY RELIEF** |
| RODRÍGUEZ, León, Director, U.S. | ) | |
| Citizenship & Immigration Services | ) | |
| 20 Massachusetts Avenue | ) | |
| Washington, D.C. 20528, | ) | |
| | ) | |
| and COLUCCI, Nicholas, Director, U.S. | ) | |
| Citizenship & Immigration Services, | ) | |
| Immigrant Investor Program Office, | ) | |
| 20 Massachusetts Avenue, | ) | |
| Washington, D.C. 20529-2090 | ) | |
| | ) | |
| Defendants. | | |

---

[1] Complete listing of Plaintiffs' names and residence addresses is attached as Exhibit A to Plaintiffs' pending "Motion For Leave To Identify Plaintiffs As 'John Doe' and File Exhibits Under Seal" filed concurrently with this Complaint.

## COMPLAINT FOR DECLARATORY RELIEF

Plaintiffs, by and through their undersigned counsel, respectfully bring this Complaint for relief from denial by Defendants UNITED STATES CITIZENSHIP AND IMMIGRATION SERVICES ("USCIS"), Jeh JOHNSON, León RODRÍGUEZ, and Nicholas COLUCCI (collectively, "Defendants"), of Forms I-526 Immigrant Petition by Alien Entrepreneur ("I-526 Petitions") with $1,500 filing fee properly filed by certain Plaintiffs each of whom have invested $500,000 in a new commercial enterprise that uses Plaintiffs' funds for job creation in mining operations in Montana and Idaho.  Plaintiffs thereby have satisfied the requirements to obtain certain immigration benefits including permanent residence offered by the U.S. Congress through the Immigrant Investor Program administered by USCIS ("Immigrant Investor Program").  USCIS denied or is in the process of denying the Plaintiffs' I-526 Petitions, and Plaintiffs now assert that the denials were arbitrary and capricious, unsupported by law and evidence, and violative of due process, and Plaintiffs seek appropriate judicial relief.  In support thereof, Plaintiffs allege and state as follows:

## JURISDICTION

1.      This Court has subject matter jurisdiction over this action under 28 U.S.C. § 1331 (federal question jurisdiction) because Plaintiffs' claims arise under the laws of the United States, specifically the Immigration and Nationality Act ("INA"), related agency regulations, and the Constitution of the United States.

This Court also has jurisdiction under 5 U.S.C. § 500, *et seq.* (Administrative Procedure Act ("APA")), 28 U.S.C. §§ 2201 and 2202 (Declaratory Judgment Act).

2.      There is no statutory or regulatory requirement to exhaust administrative remedies seeking redress for denial. *See Darby v. Cisneros*, 509 U.S. 137, 146-47 (1993) (the APA "explicitly requires exhaustion of all intra-agency appeals mandated either by statute or by agency rule; it would be inconsistent with the plain language of [the statute] for courts to require litigants to exhaust optional appeals as well."); *RCM Techs. v. DHS*, 614 F. Supp.2d 39, 45 (D.D.C. 2009)(appeals to the AAO are not mandatory).   This action does not challenge any discretionary act by Defendants.

3.      Costs and Attorney's fees will be sought pursuant to the Equal Access to Justice Act. 5 U.S.C. § 504 and 28 U.S.C. §2412(d),  *et seq.*

## **VENUE**

4.      Venue properly lies in the District of the District of Columbia pursuant to 28 U.S.C. § 1391(e)(1)(A) and (B), as this is an action against officers and employees of the United States acting in their official capacities, brought in the district where one of the Defendants resides and where a substantial part of the events or omissions giving rise to the claim occurred.   Defendants Johnson, Rodriguez, and Colucci perform a significant amount of their official duties and

maintain their offices in the District of Columbia, and the adjudications were performed and denials issued from Defendants' offices in the District of Columbia.

**PARTIES**
**Plaintiffs**

5.        Plaintiffs are all citizens and residents of China except for one who is a citizen and resident of Hong Kong (collectively, the "Plaintiffs").

6.  Plaintiffs each have made an at-risk investment of $500,000 USD into Quartzburg Gold, LP, an Idaho limited partnership established in 2012 as the "new commercial enterprise" fitting 8 U.S.C. § 1153(b)(5) (the "NCE"). The NCE is using the funds indirectly to finance the development and operation of mining businesses in Idaho and Montana as the job creating enterprises ("JCEs"). Plaintiffs' invested funds are irrevocably committed to the NCE and the JCEs.

7.    Plaintiffs filed I-526 Petitions with $1,500 filing fees each in 2012, which USCIS denied or is in the process of denying in 2015.  Rather than provide duplicative paragraphs listing each case number and date of denial, a comprehensive spreadsheet is provided[2]  detailing each Plaintiff's case number, date of denial, priority date, age of oldest children (if nearing twenty-one and at risk for "aging out" for derivative immigration benefits), and citizenship.  As reflected from the chart, many of the Plaintiffs have children who have now

---

[2] This detailed identifying information is included in the spreadsheet attached as  Exhibit A to Plaintiffs' pending "Motion For Leave To Identify Plaintiffs As 'John Doe' and File Exhibits Under Seal" filed concurrently with this Complaint.

approached or passed the age of twenty-one (21) and, if required to file new petitions, may no longer be eligible for permanent residence derived from Plaintiffs' processing.

8.　　A total of 134 investors in the NCE, including Plaintiffs, are in the process of receiving I-526 Petition denials from USCIS and are in similar positions to and related to the Plaintiffs.[3] Rather than attach 134 separate receipt and denial notices as exhibits, Plaintiffs have provided a comprehensive spreadsheet with names of all current investors in the project, case numbers, priority dates (date I-526 Petition was filed with USCIS), and denial dates (if applicable yet).[4] Plaintiffs anticipate adding more similarly situated Plaintiffs upon receipt of their identical denial notices from USCIS and their decision to participate in litigation.

**Defendants**

9.　　Defendant USCIS is the agency responsible for adjudicating I-526 Petitions relating to the Plaintiffs' pursuit of conditional and unconditional permanent residence in the fifth employment-based preference under INA § 203(b)(5), 8 U.S.C. § 1153(b)(5). USCIS maintains the ultimate responsibility

---

[3] Of the total 157 filings in this project, 22 investors have withdrawn their I-526s, and 1 investor filed his petition in 2013 with the call option waived prior to the initial filing. This investor's petition is pending and expected to be approved soon. Some investors are just now receiving untimely NOIDs or RFEs (more than a year after similar NOIDs/RFEs were issued for other investors in the project) and are promptly responding to these USCIS requests.

[4] This comprehensive spreadsheet of investors is attached as <u>Exhibit B</u> to Plaintiffs' concurrently filed "Motion For Leave To Identify Plaintiffs As 'John Doe' and File Exhibits Under Seal."

within the federal government for adjudicating cases under the Immigrant Investor Program including decisions regarding I-526 Petitions, such as Investor Plaintiffs' petitions.

10.     Defendant Nicholas Colucci is the Director of the USCIS Immigrant Investor Program Office, whose office address is at 20 Massachusetts Avenue, Washington, D.C. 20529-2090.  He is sued in his official capacity.  As the Director of the Immigrant Program Office, he has the ultimate responsibility within his office for the adjudication of Plaintiffs' I-526 Petitions.

11.     Defendant León Rodríguez is the Director of USCIS, a subdivision of DHS. He is sued in his official capacity.  In his capacity as Director, he has the ultimate responsibility within USCIS for adjudicating Plaintiffs' I-526 Petitions in a reasonable time.

12.     Defendant Jeh Johnson is the Secretary of the Department of Homeland Security ("DHS"). He is sued in his official capacity. As the Secretary of DHS he oversees the actions and has ultimate responsibility for the actions of USCIS officers in adjudicating Plaintiffs' I-526 Petitions.

## BACKGROUND ON RELATED REGIONAL CENTER, NEW COMMERCIAL ENTERPRISE, AND JOB-CREATING ENTITIES

13.     Idaho State Regional Center, LLC ("ISRC") is an Idaho limited liability company and a USCIS-designated regional center.  A copy of the most

recent approval notice for ISRC is attached at **Ex. F**.[5]  ISRC, approved for the geographic area including the State of Idaho and 38 counties in Western Montana, is sponsoring the Quartzburg Gold, LP project and its job-creating activity through the entities defined in the paragraphs below.

14.      Quartzburg Gold Company, LP ("NCE") is an Idaho limited partnership formed in 2012 with ISR Capital, LLC, an Idaho limited liability, company as its General Partner ("GP").  The NCE has a maximum of 160 limited partnership units available, most of  which are owned by investors pursuing EB-5 classification, including the 42 owned by the Plaintiffs.  The NCE was formed for the purpose of investing in multiple job-creating enterprises through a loan of  up to $80 million to an intermediary borrower, Idaho State Gold Company II, LLC, an Idaho limited liability company (formerly identified as Idaho State Gold Company, LLC in offering materials)("Borrower").   The Borrower was formed to provide financing, directly or indirectly, in the total amount of up to $80 million to separate job-creating enterprises (collectively, the "JCEs").

## IMMIGRANT INVESTOR PROGRAM

15.      The Immigration and Nationality Act ("INA") section 203(b)(5), 8 U.S.C. § 1153(b)(5), establishes a preference allocation of visas ("EB-5 visas") for immigrants who have invested, or are in the process of investing, a

---

[5] In accordance with LCvR 5.1(e), Plaintiffs have attached only those limited materials essential to determination of the action in **Exs. A - F** to this Complaint

designated amount of lawfully obtained capital in commercial enterprises and can demonstrate that the investment will create ten or more jobs for qualified United States workers.   Under this Immigrant Investor Program qualified immigrant investors may obtain lawful permanent residence for themselves and their spouse and unmarried children under age 21, with the ages of children adjusted according to the Child Status Protection Act, Pub. L. 107-208 (2002).

16.     The Immigrant Investor Program is intended generally to benefit the United States economy and its lawful workers by attracting foreign capital and encouraging economic development, especially in high unemployment or rural areas in the United States.  The program creates desirable results for both the investor and the United States worker and for the U.S. economy in general.

17.     The Immigrant Investor Program makes up to 10,000 immigrant visas available for qualified foreign nationals (with their family members) who invest, or are "actively involved in the process of investing" the required capital in a "new commercial enterprise" which thereby creates full-time employment for no fewer than ten qualified U.S. workers per foreign investor.  To qualify, the foreign national must invest or be in the process of investing $1 million.  If, as in Plaintiffs' cases, the investment is made in a rural or an area of unemployment substantially higher than the national average ("targeted

employment area"), the minimum investment is reduced to $500,000.  INA §

203(b)(5), 8 U.S.C. § 1153(b)(5), 8 C.F.R. § 204.6(f)(2).

18.     Under a funding bill first enacted in 1993, Pub. L. 102-395, and

subsequently amended and extended numerous times most recently in Pub. L. 112-

176 (Sept. 28, 2012) to September 30, 2015, investors placing required capital in

affiliation with a USCIS-approved "regional center" may be credited not only with

new employees of the "new commercial enterprise" but also with indirect job

creation assessed by reasonable methodologies.   Plaintiffs' investments are

sponsored by ISRC.

19.     To obtain lawful permanent residence under the Immigrant

Investor Program, an immigrant investor first must file an I-526 petition and

supporting documents establishing the qualifying investment and the investor's

legitimate source of funds and accompanied by the appropriate fee (presently

$1500).  8 C.F.R. § 204.6(a).  The USCIS Immigrant Investor Program Office,

located in the District of Columbia, is the office responsible for adjudicating all I-

526 petitions, including those filed by Plaintiffs.  All denial notices relating to the

petitions at issue in this action have been issued by the Immigrant Investor

Program Office.

20.     The I-526 petition must be accompanied by evidence that the

alien has invested, or is "actively in the process of investing," lawfully obtained

capital in a new commercial enterprise in the United States that will create, at least ten full-time positions for qualifying employees.

21.     If initial evidence submitted with  Form I-526 Petitions does not establish eligibility, USCIS may either: (1) deny the petition for ineligibility; (2) request more information or evidence, which must be submitted within a specified time determined by USCIS (typically 84 days); or (3) notify the petitioner of its intent to deny the petition and the basis for the proposed denial, and require that the petitioner respond within thirty days. 8 C.F.R. § 103.2(b)(8)(iii).

22.     Adjudication of Plaintiffs' I-526 Petitions is not entrusted to USCIS discretion.

## DEFENDANTS' ADJUDICATION AND DENIAL OF PLAINTIFFS' PETITIONS

23.     In approximately August and September 2013, USCIS issued Notices of Intent to Deny ("NOID") upon the Plaintiffs, to which Plaintiffs timely responded in and around September 2013 through January 2014.  In approximately January of 2014, USCIS issued notices of Request for Evidence ("RFE") upon the Plaintiffs, to which Plaintiffs timely responded in and around April 2014.   In approximately October of 2014, USCIS issued another round of RFEs upon the Plaintiffs, to which Plaintiffs began responding in November 2014 and have continued to submit timely responses through February 2015.

24.     In February 2015 USCIS began to issue notice of denial of the many of the Plaintiffs' I-526 Petitions.   The USCIS notices issued so far are essentially identical with only differences being changes to case numbers, specific investor identity and filing date details, and occasional attachment of a blank form I-290B to some denial notices and not others.   Copies of two representative denial notices are included in **Ex. A.**   These  denial notices are an accurate representation of the remaining denials received to date by investors in this project.   It is anticipated that all investors in the project will receive identical denials within the next month.

25.     The only cited basis for denial in all notices received relates to a "call option" described in Section 12.11 of the Limited Partnership Agreement and pages 5, 6, 23, and 26 of the Confidential Offering Memorandum.  **Ex. B** includes the form of Limited Partnership Agreement signed by the Plaintiffs and **Ex. C** contains the Confidential Private Offering Memorandum reviewed by the Plaintiffs ("Offering Memorandum").   USCIS had questioned the call option in the NOID, and in Plaintiffs' responses to the NOID they provided argument that the call option was not a redemption negating the Plaintiffs' investment risk and provided a letter from the General Partner waiving the "call option." USCIS did not mention the call option in the first RFE.   USCIS mentioned the call option again in the second RFE, however, and in response, Plaintiffs submitted expert opinion that the

waiver did not constitute a material change of the Plaintiffs' petitions. Copies of the waiver and of the expert opinions appear at **Exs. D** and **E**, respectively.

26.     In the absence of the call option, the NCE was to distribute to Plaintiffs their proportionate interest in profits and returned capital realized from interest and principal repaid by the JCEs to the NCE pursuant to a loan agreement and downstream arrangements.  The NCE's loan agreement, and downstream agreements with parties receiving use of funds invested by Plaintiffs, created the possibility that the NCE could realize income substantially greater than straight interest in the event that JCEs' mining operations were successful and profitable. The LPA contained a call option that allowed the NCE to choose, in the NCE's sole discretion, to withhold distributions to Plaintiffs and to redeem Plaintiffs' interest in the NCE by payment either of $550,000 (representing a gain of $50,000) or 400 oz.[6] in gold (if the current gold price would yield a higher amount).[7]   The Offering Memorandum repeatedly clarified that the NCE's General Partner was under no obligation to exercise the call option and that it was subject to the General Partner's choice and ability to do so, particularly given the risk that the JCEs' mining operations would not be successful.  In the denial notices, USCIS contends that the "call option" causes the Plaintiffs' investments not to be "at risk"

[6] For certain Plaintiffs who had been closed out of a prior investment offering, the redemption amount could be 500 oz. of gold.
[7] Once the General Partner elected to offer the redemption, the Plaintiffs would have the choice between $550,000 (in cash or gold) or 400 oz. (or for some Plaintiffs, 500 oz.) of gold that might be worth more than that. Obviously the General Partner would not rationally exercise the option if the NCE had not realized income or gold sufficient to honor the higher obligation, else it would have no ability to honor the election.

investments as required under 8 U.S.C. § 1153(b)(5) and contends that the post-filing waiver of the call option cannot cure the deficiency it contends existed at the time the petitions were filed.

27.     Plaintiffs and their qualifying family members are entitled to priority for visa numbers based on the date of the filing of their I-526 Petitions. Defendants' denial requires them to file new I-526 petitions in order to seek immigration benefits under the EB-5 Program based on their investment in the NCE, and such re-filing will have the effect of delaying their immigration to the United States for several years while USCIS adjudicates the new petition and while many thousands of other investors who have filed petitions in the meantime with their families receive higher priority for limited visa numbers.  In addition, the children of many investors will lose their eligibility to derive U.S. permanent residence from their investor-parents' processing.  Defendants' denial risks the loss by Plaintiffs of substantial funds in the event of premature liquidation of the investment interests if Plaintiffs seek to pursue immigration benefits by other investments.  In the interest of justice and judicial economy their claims would be efficiently entertained in one forum and one action.

## FIRST CAUSE OF ACTION
### Violation of the APA 5 U.S.C. § 706(2)(A)

28.     Plaintiffs hereby incorporate by reference as is set forth in full and at length above the allegations of this Complaint.

29.     Defendants' practices, polices, rules, criteria, interpretations, and conduct in regard to the above named Plaintiffs was "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with the law" and was "agency action" in violation of the Administrative Procedures Act. 5 U.S.C. § 706(2)(A). "Agency action" under the APA includes "an agency rule, order, license, sanction, relief, or the equivalent or denial thereof." 5 U.S.C.§ 551(13). Defendants' denials of Plaintiffs' I-526 petitions violated the APA when:

a.     Defendants arbitrarily and capriciously determined that Plaintiffs' funds were not at risk because of the call option.

b.     Defendants arbitrarily and capriciously found that Plaintiffs' waiver of the call option provisions of the LPA submitted in response to Defendants' NOID and RFE was an impermissible material change to the Plaintiffs' petitions and could not be considered in determining their eligibility.

## SECOND CAUSE OF ACTION

### 5 U.S.C. § 706(2)(C)

30.     Plaintiffs hereby incorporate by reference as is set forth in full and at length above in the allegations of this Complaint.

31.     Defendants' denial of the Plaintiffs' I-526 Petitions was "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" in violation of 5 U.S.C. § 706(2)(c) in that their use and overly broad interpretation

and application of the holding in *Matter of Izummi*, 22 I&N Dec. 169 (Comm'r 1998), violates the underlying sections of the INA that govern the EB-5 program. To the extent that *Matter of Izummi* supports Defendants' denials, *Matter of Izummi* is impermissibly beyond the scope of Defendants' authority.  Defendants have exceeded their statutory authority under the INA in denying Plaintiffs' I-526 Petitions.

**THIRD CAUSE OF ACTION**

**5 U.S.C. § 706(2)(E)**

32.      Plaintiffs hereby incorporate by reference as is set forth in full and at length above the allegations of this Complaint.

33.      Defendants violated 5 U.S.C. § 706(2)(E) as their denial of the Plaintiffs' petitions was not supported by substantial evidence.  *See Universal Camera Corp. v. NLRB*, 340 U.S. 474 (1951).

**FOURTH CAUSE OF ACTION**

**Violation of the Notice-And-Comment Requirements of the APA**

34.      Plaintiffs hereby incorporate by reference as is set forth in full and at length above the allegations of this Complaint.

35.      Defendants' interpretation of the "at risk" provision and interpretation regarding redemption clauses in *Matter of Izummi* constitute a rule

within the meaning of 5 U.S.C. § 551(4). Defendants have included this interpretation in the Adjudicator's Field Manual. *See* AFM chp. 22.4(a)(2)(C).

36.     APA 5 U.S.C. § 553 requires administrative agencies to provide a notice-and-comment period prior to implementing a substantive rule, including a rule that is a departure from prior policy and practice and that has a substantial adverse effect upon a large number of those affected.

37.     Defendants' actions and omissions in failing to provide a notice-and-comment period prior to its expansion of the holding in *Izummi* and the inclusion of the bar on redemption clauses in the Adjudicators Field Manual violated 5 U.S.C. § 553 in that the expansion constituted a substantive rule that departed from prior policy and practice and has had a substantial adverse effect upon a large number of applicants, including the above named Plaintiffs.

<u>**FIFTH CAUSE OF ACTION**</u>

**Defendants Violated Congressional Intent**

38.     Plaintiffs hereby incorporate by reference as is set forth in full and at length above the allegations of this Complaint.

39.     Under the APA, the Court must set aside agency action that is "not in accordance with law," or that is "in excess of statutory jurisdiction, authority, or limitations, or short of statutory right." 5 U.S.C. § 706(2)(A), (C). "[T]he judiciary, not the agency, is the final authority on issues of statutory

construction, and must therefore set aside any administrative construction of the status that violate clear congressional Intent." *See Massachusetts v. Dep't of Transp.*, 93 F.3d 890, 893 (D.C. Cir. 1996) (internal quotation marks omitted.).

40. Defendants' interpretation of the statute, regulations, and precedent decisions violates the congressional intent behind the EB-5 program. *See* USCIS Policy Memorandum, "*EB-5 Adjudications Policy*," May 30, 2013 (stating Congress established the EB-5 Program in 1990 to bring new investment capital into the country and to create new jobs for U.S. workers).

## SIXTH CAUSE OF ACTION

### 5 U.S.C. § 706(2)(B) and Fifth Amendment Due Process

41. Plaintiffs hereby incorporate by reference as is set forth in full and at length above the allegations of this Complaint.

42. Defendants' actions were "[c]ontrary to constitutional right, power, privilege or immunity" in violation of 5 U.S.C. § 706(2)(b) and the due process clause of the Fifth Amendment.

43. Defendants' acts violated all Plaintiffs' rights to due process under the Fifth Amendment to the Constitution of the United States and thereby 5 U.S.C. § 705(2)(B) when:

A. Rather than adjudicate the petitions based on Plaintiffs' timely submission of evidence in response to the August and September 2013 NOIDs,

Defendants unnecessarily delayed final determination of these I-526 petitions for over a year, issuing multiple RFEs alleging new and unrelated additional issues, which could have been raised in the first instance in the NOIDs.

B.   Defendants unreasonably delayed the denial of Plaintiffs'  I-526 petitions in 2015 based on the "call option" and then used such curable grounds to require new petitions for approval, having the consequence of greatly and unnecessarily delaying the wait for visa numbers of Plaintiffs and eliminating the derivative eligibility of their children.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectively ask this Court to:

A.   Declare that Defendants' policies, practices and customs, which deprive Plaintiffs of lawful pursuit of immigration benefits within a reasonable time, violate the Immigration and Nationality Act and the Administrative Procedure Act,

B.   Issue an order declaring Defendants' denials of the Plaintiffs' I-526 Petitions are violative of the INA and its attendant regulations, violative of the Administrative Procedure Act, ultra vires, arbitrary and capricious and not otherwise in accordance with law, and violative of Congressional intent,

C.   Issue an order directing Defendants and their agents to issue immediately all necessary and appropriate documents to Plaintiff investors to

evidence the approval of their I-526 Petitions retroactive to the date of their denial,

      D.   Issue an order directing Defendants and their agents to withdraw the denials of the Plaintiffs' petitions,

      E.   Issue a mandatory injunction requiring the approval of Plaintiffs' I-526 Petitions,

      F.   Issue an order declaring that any and all new rules, policies, and criteria purporting to limit the EB-5 investor program must be promulgated only in accordance with the notice and comment provisions of the Administrative Procedure Act and that such new rules, policies and criteria may only be applied prospectively to I-526 petitions filed after the decision of this Court,

      G.   Grant reasonable attorney's fees and costs of court pursuant to the Equal Access to Justice Act, and

      H.   Grant such other and further relief as to this Court seems proper and just under the circumstances.

Dated: February 23, 2015.

                                  Respectfully submitted,

                                  */s/ Craig D. Rust*_____
                                  James W. McBride, Bar No. 099911
                                  Craig D. Rust, Bar No. 1002644
                                  Baker, Donelson, Bearman, Caldwell & Berkowitz, PC
                                  901 K Street NW, Suite 900

Washington, D.C. 20001
(202) 508-3453 - Telephone
(202) 220-2220 – Facsimile
jmcbride@bakerdonelson.com
crust@bakerdonelson.com

Robert C. Divine *
(motion for admission *pro hac vice* to
be submitted)
Baker, Donelson, Bearman, Caldwell
& Berkowitz, PC
633 Chestnut Street
1800 Republic Centre
Chattanooga, TN 37450
(423) 752-4416- Telephone
(423) 752-9533- Facsimile
rdivine@bakerdonelson.com

*Attorneys for Plaintiffs*